# In the United States Court of Federal Claims

No. 09-546C

(Filed Under Seal:  September 29, 2009)
(Reissued for Publication:  October 13, 2009)[1]

```
*****************************************     *
                                              *
BANNUM, INC.,                                 *
                                              *
                    Plaintiff,                *
                                              *
v.                                            *     Post-award Bid Protest;
                                              *     Supplementing the Administrative
                                              *     Record; Documents Before the
THE UNITED STATES,                            *     Procuring Agency and Included in
                                              *     the GAO Protest Record; RCFC,
                    Defendant,                *     Appendix C, ¶22(u); 31 U.S.C. §
                                              *     3556.
 and                                          *
                                              *
DISMAS CHARITIES, INC.,                       *
                                              *
                    Defendant-Intervenor.     *
                                              *
*****************************************     *
```

*Michael A. Gordon*, Michael A. Gordon PLLC, Washington, DC, for Plaintiff.

*Delisa M. Sanchez*, with whom were *Tony West,* Assistant Attorney General, *Jeanne E. Davidson,* Director, and *Franklin E. White, Jr.*, Assistant Director*,* United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., *Dionis M. Gauvin*, Bureau of Prisons, Of Counsel, for Defendant.

---

[1]  The Court issued this opinion under seal on September 29, 2009, and gave the parties seven days, until October 6, 2009, to submit any proposed redactions of competition-sensitive, proprietary, confidential or other protected information.  The Court did not receive any proposed redactions by the required date.  However, upon the Court's further inquiry to confirm that no redactions would be requested, the Court then received on October 8, 2009 untimely proposed redactions from both Plaintiff and Defendant. These filings failed to comply with the Court's direction that "any proposed redactions must be well supported with an explanation of the specific reasons and authorities." Op. at 7.  The Court held a telephone conference with counsel of record on October 9, 2009 to hear the parties' positions on the proposed redactions, but found such positions lacking in merit.  Accordingly, this opinion is released in its entirety.

*Alex D. Tomaszczuk* and *Daniel S. Herzfeld*, Pillsburg Winthrop Shaw Pittman LLP, McLean, VA, for Defendant-Intervenor.


OPINION AND ORDER

WHEELER, Judge.

On August 19, 2009, Plaintiff Bannum, Inc. ("Bannum") filed a post-award bid protest in this Court. On September 8, 2009, counsel for Bannum filed a motion to supplement the agency's administrative record. In the bid protest, Bannum contests the award of a contract by the Bureau of Prisons ("BOP") to Dismas Charities, Inc. ("Dismas") for the performance of Residential Reentry Center ("RRC") services in Charleston, West Virginia. An RRC is more commonly known as a "halfway house" for use by prisoners about to be released for return to independent living. Before filing in Court, Bannum had filed two protests of the award to Dismas at the Government Accountability Office ("GAO").

Bannum seeks to supplement the administrative record with letters and emails relating to cure notices and a show cause notice issued in another Bannum contract for halfway house services in Austin, Texas. The documents Bannum wishes to add to the record comprised Exhibit 2 to Bannum's November 18, 2008 Comments during the first GAO protest. Further, Bannum included these additional documents as Exhibit 33 in its initial filing before this Court. See Bannum's Aug. 19, 2009 Mem. and P. & A. in Supp. of TRO, Prelim. and Permanent Inj. Relief and Declaratory J.

For the reasons stated below, Plaintiff's motion to supplement the administrative record is GRANTED. Plaintiff also sought, in the alternative, to strike Tab 54 of the administrative record. Since the Court grants Plaintiff's motion to supplement the record, the Court does not need to address Plaintiff's proposed alternative request. Accordingly, Tab 54 shall remain in the administrative record.

Background

Bannum seeks the addition of 12 documents to the administrative record in this post-award protest. The documents relate to Bannum's performance under Contract No.

DJB200811, a BOP contract for RRC services in Austin, Texas.[2]  On March 2, 2007, the BOP terminated Bannum's Austin contract for default.  Administrative Record ("AR") 2206.

Offerors competing for the Charleston RRC services contract – the subject of Bannum's bid protest before the Court – were required to submit their five most relevant contracts as references for BOP's evaluation.  AR 199.   Bannum complied with this requirement, but did not include the defaulted Austin contract among the five references in its proposal.  Without notice to Bannum, the BOP's initial Source Selection Authority ("SSA"), Sheila Makle, considered the Austin contract in evaluating Bannum's past performance, one of several evaluation factors in the BOP's award decision.  AR 1768-69, 1774.  The SSA, in evaluating the Austin contract, relied upon a summary of the default termination written by the BOP contracting officer for that contract.  Id.  This summary specifically referenced the documents Bannum now seeks to have included in the administrative record.  AR 2206.  The SSA found that Bannum's termination for default on the Austin contract demonstrated a "lack of management ability," and thus the SSA was "not as confident about Bannum's ability to successfully perform" on the Charleston contract.  AR 1769.  Before an award of the Charleston RRC services contract had been made, the BOP appointed a new SSA, Rebecca Canfield.  Ms. Canfield decided to reevaluate the first SSA's past performance conclusions and in so doing, she also noted Bannum's previous termination for default on the Austin contract.  AR 1106-07.  Ms. Canfield cited Bannum's default as one of two factors placing Bannum in a lower performance rating and also justifying her Source Selection Decision to award the RRC contract to the higher-priced bidder, Dismas Charities. AR 1722-23.

On October 6, 2008, Bannum protested the award to Dismas before the GAO.  In its initial decision sustaining Bannum's protest and recommending corrective action, the GAO stated: "[W]hile we agree with the protestor that the circumstances that led to the termination for default of its Austin contract are not present here, we nonetheless think that it was

---

[2] Bannum asks for the inclusion of the following documents in the administrative record, all of which relate to its performance on Contract No. DJB200811 : (1) Bannum legal counsel's letter to a BOP contracting officer (November 6, 2006); (2) a Bannum consultant's email to Bannum's President, John D. Rich, and Bannum's legal counsel, Michael Gordon (November 6, 2006); (3) a Bannum consultant's letter to the City of Austin (September 1, 2006); (4) a project application filed with the City of Austin on behalf of Bannum; (5) a letter from Mr. Rich to BOP contracting officer Annette Jenkins (January 23, 2007); (6) a letter from BOP's Ms. Jenkins to Bannum's Mr. Rich (January 24, 2007); (7) a letter from Mr. Gordon to Ms. Jenkins, in response to the January 24, 2007 letter (February 2, 2007); (8) an email from Bannum's consultant to Mr. Gordon and Mr. Rich (January 31, 2007); (9) an email from Bannum's consultant to Mr. Gordon and Mr. Rich (February 1, 2007); (10) a letter from Mr. Gordon to BOP's Ms. Jenkins (February 20, 2007); (11) a letter from Mr. Gordon to BOP's Ms. Jenkins (February 23, 2007); and (12) a letter from Mr. Gordon to BOP's Ms. Jenkins (March 2, 2007).

reasonable for the contracting officer to have considered Bannum's handling of the situation as showing a lack of management ability. . . ."  AR 1966.  Pursuant to the GAO's recommendation, the BOP re-evaluated portions of both Bannum's and Dismas Charities' proposals, though the SSA elected not to re-evaluate the past performance factor.  AR 2014-15.  The BOP again selected Dismas as the awardee and Bannum again protested the award. AR 1723.  The GAO issued another decision denying Bannum's second protest, but again acknowledged that the SSA's reliance on the Austin default termination in evaluating Bannum's past performance was appropriate.  AR 2083.  In its second decision, the GAO observed that the SSA reasonably concluded from the Austin default termination that Bannum lacked the required managerial ability to perform effectively on the Charleston contract, the subject of the bid protest now before the Court.  Id.

Dismas opposes Plaintiff's motion to supplement, arguing that the documents Bannum offers for inclusion were not considered by the BOP in conducting its evaluation of proposals and they provide no context for this Court in understanding the GAO's decision to deny Bannum's protest.  See Def.-Intervenor's Resp. to Pl.'s Mot. to Supplement Admin. R. at 2.  The administrative record, however, makes clear that Bannum's termination for default in Austin is a relevant factor in the BOP's award analysis.  AR 1220-21, 1722-23. Indeed, the documents Bannum seeks to include are referenced in the administrative record in a summary of the Austin termination, and the BOP relied upon this very summary.  AR 1768, 2206.  The GAO also considered Bannum's Austin default termination in its own decision assessing the BOP's award of the Charleston contract to Dismas.  Given the GAO's discussion of the default's significance to the award decision, it is probable that the GAO considered these documents in reaching its decision.  AR 1966.

The Government asserts that Bannum's requested addition to the record is merely an improper and untimely attempt to challenge the basis of BOP's termination for default, and that the administrative record is sufficiently complete for this Court to conduct a meaningful review.  See Def.'s Opp'n to Bannum's Mot. to Supplement Admin. R. at 3, 5. As discussed below, the Court disagrees.  In order to review the contract award protested in this case, all information considered relevant by the BOP or the GAO also will be relevant to the Court's review.

Discussion

"As a general rule, in determining whether an agency's actions are arbitrary or irrational, the 'focal point for judicial review [of the agency's decision] should be the administrative record already in existence, not some new record made initially with the reviewing court.'"  Knowledge Connection Inc. v. United States, 79 Fed. Cl. 750, 759 (2007)(quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)(alteration in original). It cannot be

ignored though that the "administrative record is a fiction." <u>CCL Serv. Corp. v. United States</u>, 48 Fed. Cl. 113, 118 (2000). The administrative record is not "a documentary record maintained contemporaneously with the events or actions included in it.  Rather, the administrative record is a convenient vehicle for bringing the decision of an administrative body before a reviewing agency or a court." <u>Id</u>.

In bid protests, the GAO receives a record of the procurement from the agency.  <u>See</u> 4 C.F.R. § 21.3(c), (d) (2009).  The Competition in Contracting Act ("CICA") requires certain agency reports to be included as part of the administrative record before this Court, but CICA does not otherwise limit the content of the administrative record. 31 U.S.C. § 3556 (2006).  The GAO, as in this case, may receive additional evidentiary submissions from both the agency and the protestor.  <u>See</u> 4 C.F.R. § 21.3(I).  Indeed, a protestor may use a GAO protest to submit evidentiary materials that were not presented to the agency before it reached a decision on an award.  In certain circumstances, documents submitted during the GAO protest, particularly if relevant to the GAO's findings, might prove useful to the Court in assessing the contract award.  <u>See Holloway & Co. v. United States</u>, 87 Fed. Cl. 381, 392 (2009) ("It would be strange for this Court to be addressing a protest on a more truncated record than that which had been before GAO.").

The Court recognizes that any supplementation of the administrative record in bid protest actions "'must be extremely limited,' lest the admission of evidence not considered by the agency below and its consideration by the Court convert the 'arbitrary and capricious' standard into effectively *de novo* review." <u>Murakami v. United States</u>, 46 Fed. Cl. 731, 735 (2000); <u>see also Axiom Res. Mgmt., Inc. v. United States</u>, 564 F.3d 1374, 1379 (Fed. Cir. 2009) ("While we recognize the need for an adequate record during judicial review, the parties' ability to supplement the administrative record is limited.").  A "limited" supplementation, however, does not mean that supplementation of the record is prohibited.

The Court has determined that it is appropriate in this instance to exercise its discretion and add the documents submitted by Bannum to the administrative record. Although the merits of Bannum's protest have yet to be addressed, without an examination of the evidence supporting its position, this Court cannot properly assess "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion." <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 238 F.3d 1324, 1333 (Fed. Cir. 2001) (quoting <u>Latecoere Int'l, Inc. v. United States Dep't of Navy</u>, 19 F.3d 1342, 1356 (11th Cir. 1994)).

In particular, this Court's rules explicitly provide for the inclusion of the record before the GAO, to the extent it is more extensive, to the administrative record.  The Rules of the United States Court of Federal Claims ("RCFC"), Appendix C, ¶ 22, specify that "core

documents relevant to a protest case may include, as appropriate," twenty-one categories of materials, the last of which is the "record of any previous administrative or judicial proceeding relating to the procurement, including the record of any other protest of the procurement." Id. at ¶ 22(u). Each of the documents proffered by Bannum relates to the protest of the Charleston contract award, which was before the GAO, and therefore, falls into this category. Accordingly, under the Court's rules, the administrative record should include these documents. Furthermore, the purpose of the rule at RCFC Appendix C, ¶ 22, is to ensure that the Court at least has benefit of the same record that was before the GAO. Materials considered by the GAO should, therefore, also be part of the record reviewed by this Court. See Cubic Applications, Inc. v. the United States, 37 Fed. Cl. 339, 345 (1997) (admitting the entire record before the GAO as the administrative record).

The Federal Circuit's recent decision in Axiom, does not undermine the Court's rules for determining the content of the administrative record. Axiom merely cautions that supplementation should occur "only if the existing record is insufficient to permit meaningful review consistent with the APA." 564 F.3d at 1381. The Federal Circuit found that the trial court erred in permitting supplementation of the record because it "add[ed]. . . documents to the record without evaluating whether the record before the agency was sufficient to permit meaningful review." Id. at 1380. The trial court in Axiom,, according to the Federal Circuit, "made clear that it would freely allow the parties to supplement the record 'with whatever they want,' and by doing so, failed to make the required threshold determination of whether additional evidence was necessary." Id.

The documents at issue here, even though they concern a default termination on another contract, are relevant to the current protest because the agency's SSAs and the GAO relied upon them in assessing Bannum's past performance and thereby, its ability to perform the Charleston contract. Indeed, the BOP opened the door to the Court's consideration of the Austin contract. The BOP's analysis included a summary memorandum that explicitly referenced the documents Bannum asks to include in the administrative record. The "primary focus of the court's review should be the materials that were before the agency when it made its final decision." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 349-50 (Feb. 25, 1997).

In addition, the Court concludes that, without Bannum's additional documents, it may not have a complete understanding of the issues before it and would be analyzing Bannum's claims in this bid protest in a vacuum. The Court cannot make a reasoned decision without understanding all of the circumstances implicated in the case. The materials proffered by Bannum relate to the BOP's assessment of Bannum's past performance, which is relevant to this Court's analysis of the BOP's award decision. See Global Computer Enter., Inc. v. United States, 88 Fed. Cl. 52, 63 (2009) (determining post-Axiom that supplementation of

the record is proper where the disappointed bidder's proffered materials are significant to understanding the issues in the bid protest action).

Bannum should be permitted to argue that the circumstances surrounding the terminated Austin contract and the Charleston contract are sufficiently distinct as to render the Austin contract irrelevant as a predictor of future performance. Because the documents Bannum proffers would help the Court in evaluating the reasonableness of the agency's award, they shall be admitted. In reaching this decision, the Court will not permit Bannum to use the materials it has proffered to argue the merits of the BOP's default termination on the Austin contract. Yet, because the BOP has, at a minimum, relied upon a document referencing the materials Bannum now proffers, these materials should be included in any meaningful review by the Court of Bannum's argument and the BOP's award decision.

Conclusion

Based upon the forgoing, Plaintiff's Motion to Supplement the Administrative Record is GRANTED. On or before October 6, 2009, counsel for the parties shall carefully review this opinion for competition-sensitive, proprietary, confidential or other protected information and submit to the Court proposed redactions, if any, before the opinion is released for publication. The Court has prepared the opinion with the intent of disclosing the entire contents to the public. Therefore, any proposed redactions must be well supported with an explanation of the specific reasons and authorities.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge